United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DANIELLE CLARK,<br>*Plaintiff*,<br><br>v.<br><br>HOUSING ALLIANCE HTX F/K/A HOUSTON HOUSING AUTHORITY, *et al.*,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:26-cv-6176 |

**JUDGE PALERMO'S**
**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is *pro se* Plaintiff's "emergency motion for a temporary restraining order and preliminary injunction." Pl.'s Mot., ECF No. 6.[1] Plaintiff seeks "an immediate mandatory order: (1) commanding Defendant HHA to maintain the status quo of Plaintiff's Section 504 Non-Elderly Disabled (NED) Housing Choice Voucher program benefits; (2) ordering Defendants to immediately fund alternative emergency corporate or hotel accommodations and relocation per diems to remedy an active constructive eviction crisis; and (3) commanding Defendant HHA to immediately unfreeze and hold the approved administrative Informal Hearing that has been unlawfully delayed via an arbitrary 60-day shelf placement." ECF No. 6 at 2. Based on review of the briefing and applicable law, the Court recommends that Plaintiff's emergency motion be denied.

A TRO is "a highly accelerated and temporary form of preliminary injunctive

---

[1] On August 3, 2026, the district judge assigned to this case referred all pretrial matters. Order, ECF No. 7.

relief, which may be granted without notice to the opposing party or parties." *Alexander v. Montgomery Cnty. Cmty. Supervision & Corr.*, No. 4:25-CV-4209, 2026 WL 559781, at *1 (S.D. Tex. Feb. 18, 2026), *adopted sub nom. Alexander v. Montgomery Cnty. Cmty. Supervision & Corr. Dep't*, No. CV H-25-4209, 2026 WL 564300 (S.D. Tex. Feb. 27, 2026) (quoting *Cotton v. Tex. Express Pipeline, LLC*, No. 6:16-cv-453, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017)). "To obtain a TRO, a plaintiff must establish that (1) there is a substantial likelihood that it will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction is not adverse to the public interest." *Id.* (citing *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974))). "[I]f [the movant] fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction." *Castro v. City of Grand Prairie*, No. 3:21-CV-885-L, 2021 WL 1530303, at *1 (N.D. Tex. Apr. 19, 2021).

As an initial matter, the Court notes that Plaintiff moves for relief under Federal Rule of Civil Procedure 65(b). ECF No. 6. The "Federal Rules of Civil Procedure plainly state that a court may issue a temporary restraining order without notice to the other party or its attorney only if: (A) specific facts in an affidavit or a

verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Alexander*, 2026 WL 559781, at *n.2. (citing FED. R. CIV. P. 65(b)(1)). Plaintiff's "certificate of conference/notice attempt" states in its entirety:

> Pursuant to **Fed. R. Civ. P. 65(b)(l)(B),** Plaintiff certifies that direct, exhaustive notice of this active constitutional and medical crisis was transmitted to the secure executive servers of CEO Jamie Bryant, HHA General Counsel, and the Office of Houston Mayor John Whitmire on **July 15, 2026.** Defendants chose to remain entirely silent, finalizing their deliberate indifference to the safety of a high-risk pregnancy.

ECF No. 6 at 5 (emphasis in original). Yet, Plaintiff's motion was signed and filed on July 31, 2026, nearly two weeks after her purported notice to Defendants. Plaintiff does not satisfy either requirement of Rule 65(b)(1) and her motion may be dismissed on this ground alone. *See Lindsey v. Tex.*, No. 4:24-CV-01212-O-BP, 2025 WL 2677885, at *2 (N.D. Tex. Aug. 29, 2025), *adopted*, No. 4:24-CV-01212-O-BP, 2025 WL 2677389 (N.D. Tex. Sept. 18, 2025) ("failure to satisfy Rule 65(b)(1)'s requirements, standing alone, is a sufficient basis to deny [a] request for a TRO.") (quoting *Goodson v. City of Dallas*, No. 3:25-cv-816-K-BT, 2025 WL 1373737, at *2 (N.D. Tex. Apr. 7, 2025), *adopted*, No. 3:25-cv-816-K, 2025 WL 1333657 (N.D. Tex. May 7, 2025)).

Even so, Plaintiff's motion still fails on the merits. "Irreparable harm is defined as 'harm for which there is no adequate remedy at law.'" *Lowery v. Gallegos*, No. 2:25-CV-187-Z-BR, 2025 WL 3648059, at *2 (N.D. Tex. Nov. 17, 2025), *adopted*, No. 2:25-CV-187-Z-BR, 2025 WL 3646613 (N.D. Tex. Dec. 16, 2025) (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013)). Plaintiff's motion consists of conclusory allegations as to the requirements for emergency relief. ECF No. 6. For example, under the section entitled "substantial threat of immediate, irreparable injury," Plaintiff argues past harm (no heat during cold front during January and no air conditioning during 104-degree heat at the beginning of July caused a trip to the emergency room for heat exhaustion, abandonment of personal property) and ongoing mental anguish due to "domestic destabilization" and "ongoing housing insecurity." ECF No. 6 at 4. This is insufficient to satisfy her burden as the movant of demonstrating that there is a substantial threat that irreparable harm will result if a TRO is not granted.[2] *See Alexander*, 2026 WL 559781, at *2 (citing *Castro v. City of Grand Prairie*, No. 3:21-cv-885, 2021 WL 1530303, at *2 (N.D. Tex. Apr. 19, 2021) ("Moreover, Plaintiff's allegations that he 'has suffered irreparable harm, including the loss of his

[2] Furthermore, Plaintiff's other filings confirm that she and her family currently reside at a hotel and not the residence at issue. *See* ECF No. 1 at 1 (Plaintiff's address listed as hotel address), 8 ("Plaintiff was forced to contact an outside adoption agency, which stepped in to fund an emergency hotel room to pull her family out of the lethal heat.").

constitutional rights,'. . . are conclusory and insufficient to satisfy his burden as the movant of demonstrating that there is a substantial threat that irreparable harm will result if his TRO Application is not granted.")); *see also KATHRYN COPELAND v. WEINSTEIN MANAGEMENT CO., INC., et al.*, No. 4:26-CV-0585-O-BP, 2026 WL 2204423, at *4 (N.D. Tex. July 16, 2026), *adopted sub nom. KATHRYN COPELAND v. WEINSTEIN MANAGEMENT CO., INC., et al.*, No. 4:26-CV-0585-O-BP, 2026 WL 2203200 (N.D. Tex. July 30, 2026) ("Injuries are irreparable only when they 'cannot be undone through monetary remedies.'") (quoting *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008)).

Because Plaintiff has not satisfied the irreparable and immediate harm requirement for emergency relief, the Court need not address whether she has met her burden with respect to the remaining requirements for injunctive relief under federal law. *See Alexander*, 2026 WL 559781, at *2 (citing *Castro*, 2021 WL 1530303, at *2). Based on the foregoing, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**. ECF No. 6.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed on August 3, 2026, at Houston, Texas.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**